UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ONEBEACON AMERICA INSURANCE COMPANY,
    Plaintiff,

vs.

BLUE WATER ENTERPRISES, INC.
    Defendant.

CIVIL ACTION NO:

04 11753 JLT

MAGISTRATE JUDGE Bowler

RECEIPT #
AMOUNT $ 150
SUMMONS ISSUED YES
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK TO.M
DATE 8/11/04

## PLAINTIFF'S COMPLAINT FOR APPOINTMENT OF UMPIRE PURSUANT TO THE FEDERAL ARBITRATION ACT

Now comes the plaintiff, OneBeacon America Insurance Company, in the above-entitled action, by and through its undersigned attorneys, Clinton & Muzyka, P.C., and files its Complaint for Appointment of Umpire pursuant to the Federal Arbitration Act (9 U.S.C. §5).

### PARTIES

1. The defendant, Blue Water Enterprises, Inc., is a domestic corporation with a principle place at 270 Old Ocean Street in Marshfield, Massachusetts.

2. The plaintiff, OneBeacon America Insurance Company, is a domestic corporation with a principle place of business at One Beacon Street in Boston, Massachusetts.

2

## FACTS COMMON TO ALL COUNTS

3. At all material times herein, the defendant was the owner and operator of the F/V PRIM LADY, a commercial fishing vessel.

4. On or about July 3, 2002, the parties entered into a binding and enforceable insurance contract (Policy No: C5JH51317) consisting of Hull and Protection & Indemnity policies. The policy afforded coverage for the F/V PRIM LADY from July 3, 2002 through July 3, 2003.

5. The relevant portion of the Hull policy states:

"Warranted that in case of any casualty or loss which may result in a claim under this policy the assured shall give this Company prompt notice thereof and reasonable opportunity to be represented on a survey of the damage, each party to name a surveyor, which two surveyors shall proceed to draw specifications as to the extent of the damage and the work required to make the damage good. If the two surveyors agree, such specifications shall be binding on both this Company and the assured, subject nevertheless to policy terms and conditions and the question of whether or not the disaster and resulting loss or damage are covered by this policy. <u>In the event the two surveyors cannot agree, they must select an umpire, and in the event they cannot agree upon an umpire, either party hereto may apply to the United States District Court for the district in which the home port of the vessel named herein is located for the appointment of an umpire, pursuant to the United States Arbitration Act.</u> (emphasis added). *A copy of the Hull coverage section is attached hereto as Exhibit "A.*

3

6. On or about August 24, 2002, the F/V PRIM LADY was involved in a collision while fishing in Cape Cod Bay and sustained property damage. As a result of the collision, the defendant submitted a claim under the Hull policy.

7. After receiving notification of the loss, the plaintiff appointed David Wiggin as its surveyor to evaluate the nature and extent of the damage. The defendant subsequently engaged the services of Kevin Scanlon to evaluate the damage.

8. Based upon his surveyor, Mr. Wiggin determined that the vessel sustained approximately $25,000.00 in damages. Mr. Wiggin, however, recommended that further repairs be performed in order to determine the presence of any hidden or undisclosed damages.

9. Based upon his surveyor, Mr. Scanlon concluded that the F/V PRIM LADY was a constructive total loss, as the repair costs would exceed the insured value of $122,000.00.

10. Relying upon the terms of the insurance contract, on October 20, 2003 the plaintiff requested that a joint survey of the vessel be conducted. The purpose of requesting a joint survey was to enable the surveyors to discuss their respective findings. *A copy of the*

*plaintiff's October 20, 2003 correspondence is attached hereto as Exhibit "B."*

11. The defendant refused a joint survey and on October 29, 2003 advised the plaintiff that it selected an umpire to determine the nature and extent of damage. *A copy of the defendant's correspondence is attached hereto as Exhibit "C."*

12. The plaintiff responded to the defendant's October 29, 2003 correspondence by again requesting a joint survey. The plaintiff also advised that the defendant cannot unilaterally select an umpire. *A copy of the plaintiff's response to the defendant's October 29, 2003 correspondence is attached hereto as Exhibit "D."*

13. The defendant refused to consent to a joint survey and on February 11, 2004 instituted an action against OneBeacon America Insurance Company in Plymouth Superior Court (Docket No: 04-187) alleging violations of Chapter 93A.

14. After the aforementioned action was instituted, the parties entered into settlement negotiations for several months. On June 29, 2004, the defendant rejected the plaintiff's last settlement offer and negotiations terminated.

15. Since settlement negotiations terminated, the plaintiff requested the defendant's position in having the surveyors select a mutually acceptable umpire as required by the insurance contract or, in the alternative, applying to this Court for the appointment of an umpire. The defendant has not responded necessitating the filing of this action.

## JURISDICTION

16. This Honorable Court has jurisdiction over this controversy pursuant to 28 U.S.C. §1333, as it involves a maritime contract of insurance.

17. This matter is controlled by the Federal Arbitration Act (9 U.S.C. § 1 et seq.) as set forth in the controlling insurance contract.

## COUNT I
*(Appointment of Umpire)*

18. The plaintiff reaffirms and reiterates the allegations contained in Paragraphs Nos. 1 though 16 inclusive and incorporates same as if fully set out herein.

19. The insurance contract allows the parties to apply to the United States District Court for the district in which the home port of the vessel is located for the

appointment of an umpire pursuant to the Federal Arbitration Act.

20. The insurance contract is a binding and enforceable agreement voluntarily entered into by the parties.

21. The F/V PRIM LADY is located within the judicial district of the United States District Court for the District of Massachusetts.

   **WHEREFORE**, the plaintiff, OneBeacon America Insurance Company, respectfully requests that this Honorable Court:

   (1) Appoint an umpire to determine the nature and extent of the damages sustained to the F/V PRIM LADY as a result of the August, 24, 2002 collision, and;

   (2) Issue an Order staying the action presently pending in the Plymouth Superior Court (<u>Blue Water Enterprises, Inc v. OneBeacon America Insurance Company</u>, Civil Action No: 04-187) pending the umpire's findings and further Order of this Court.

By its attorneys,

**CLINTON & MUZYKA, P.C.**

*/s/ Kenneth Chiarello*
Thomas J. Muzyka
BBO No: 365540
Kenneth M. Chiarello
BBO No: 639274
One Washington Mall
Suite 1400
Boston, MA  02108
(617) 723-9165

August 9, 2004

United States District Court
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) OneBeacon America Insurance Company vs. Blue Water Enterprises, Inc.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   _X_  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___  V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?   YES ☐   NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)   YES ☐   NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?   YES ☐   NO ☒

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?   YES ☐   NO ☒

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).   YES ☐   NO ☒
   OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)).   YES ☐   NO ☒

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?   YES ☐   NO ☒
   (a)   IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?  Eastern

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL SECTION:  YES ☐   NO ☐     OR WESTERN SECTION;   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Kenneth M. Chiarello
ADDRESS  Clinton & Muzyka, P.C., One Washington Mall, Suite 1400, Boston, MA 02108
TELEPHONE NO.  617-723-9165

(Categfrm.rev - 3/97)

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
OneBeacon America Insurance Company

## DEFENDANTS
Blue Water Enterprises, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Plymouth
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Kenneth M. Chiarello (639274)
CLINTON & MUZYKA, P.C.
One Washington Mall, Suite 1400
Boston, MA 02108   (617) 723-9165

ATTORNEYS (IF KNOWN)
Michael P. Mason
MASON & DUFFY, P.C.
72 Sharp Street
Hingham, MA 02043   (781) 337-0066

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☒ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 362 Personal Injury — Med. Malpractice | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 365 Personal Injury — Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 330 Federal Employers' Liability | | **LABOR** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 340 Marine | | | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **SOCIAL SECURITY** | ☐ 892 Economic Stabilization Act |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 861 HIA (1395ff) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 862 Black Lung (923) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 863 DIWC/DIWW (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | | ☐ 385 Property Damage Product Liability | ☐ 864 SSID Title XVI | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 710 Fair Labor Standards Act | |
| ☐ 290 All Other Real Property | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations | **FEDERAL TAX SUITS** |
| | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 740 Railway Labor Act | ☐ 871 IRS — Third Party 26 USC 7609 |
| | | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation | |
| | | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.)
This controvesy arises out of a marine insurance contract and falls within this Court's jurisdiction pursuant to 28 U.S.C. 1333. The plaintiff is requesting that this Court appoint an Umpire pursuant to the Federal Arbitration Act (9 U.S.C. 5) and the terms and conditions of the marine insurance contract, for the purpose of determining the nature and extent of damages sustained by the defendant's vessel.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: 5-9-04

SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____