UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ONEBEACON AMERICA INSURANCE COMPANY,<br>    Plaintiff, | CIVIL ACTION<br>NO: 04-11753-JLT |
| vs. | |
| BLUE WATER ENTERPRISES, INC.<br>    Defendant. | |

### PLAINTIFF'S SUPPLEMENTAL STATUS REPORT

Now comes the plaintiff, OneBeacon America Insurance Company, in the above-entitled action, by and through its undersigned attorneys, Clinton & Muzyka, P.C., and respectfully submits its Supplemental Status Report.

On February 21, 2006, the plaintiff filed a Status Report with this Honorable Court.  As indicated therein, the plaintiff was waiting for a response from defense counsel concerning its request that the Umpire "exercise his authority under the controlling insurance policy and unilaterally select and engage a shipyard for the sole and limited purpose of inspecting the defendant's vessel and providing a repair estimate in accordance with his findings."  *A copy of the plaintiff's correspondence to the defendant requesting a response is attached hereto as Exhibit "A."*

On February 23, 2006, defense counsel responded to the plaintiff's inquiry. *A copy of said response is attached hereto as Exhibit "B."* As indicated therein, defense counsel raises several issues which plaintiff's counsel believes must be addressed. First, defense counsel insinuates that the resolution of this matter has been delayed because of the plaintiff's actions. This is not accurate. This matter has been significantly delayed because it has not been properly handled by the defendant. For example, the Umpire scheduled a joint inspection of the defendant's vessel for November 9, 2004. The parties' respective surveyors were to be present at the inspection.

Although the Umpire performed the inspection as scheduled, the defendant's surveyor (Robert Scanlon) failed to attend despite receiving advance notice. After the Umpire issued his findings on December 3, 2004, the defendant advised that Mr. Scanlon had several concerns regarding the findings, and was in the process of reducing those concerns to writing for submission to the Umpire. Because the defendant continuously failed to submit Mr. Scanlon's written concerns to the Umpire, it was necessary for the plaintiff to request a Status Conference. Accordingly, the Court scheduled a Status Conference for February 23, 2005.

Prior to the conference, defense counsel agreed to submit Mr. Scanlon's concerns to the Umpire by February 24, 2005 and, as a result, the Court canceled the conference at the plaintiff's request. Mr. Scanlon's concerns were submitted to the Umpire on February 24, 2005. In order to address the concerns raised therein, which could have been addressed at the Umpire's initial inspection of the defendant's vessel, it was necessary for the Umpire to again inspect the vessel. The second inspection occurred on April 18, 2005; approximately five (5) months after the initial inspection.[1]

On July 1, 2005, the plaintiff again requested that a Status Conference be scheduled because of the defendant's failure to respond to its inquiries concerning the future handling of this matter. A Status Conference was scheduled and conducted on August 4, 2005, but defense counsel failed to appear. Shortly after the conference, the defendant responded to the plaintiff's inquiries and the parties were able to agree on a proposed Order, which was endorsed and subsequently modified by the Court at the parties' request. This action has further been delayed

---

[1] The plaintiff acknowledges that the second inspection was delayed for several weeks because of health issues relating to the Umpire.

3

because of the defendant's failure to timely provide a list of proposed and substitute shipyards.

Defense counsel's insinuation that this matter has been delayed because of the plaintiff is not accurate. It should be noted that the plaintiff's most recent correspondence to the defendant further confirms the difficulties it has continuously experienced in this matter. That correspondence, which is attached hereto as Exhibit "A," states in part: "we have attempted to contact you on numerous occasions during the past month to discuss its future handling, but have not received a response." It is interesting to note that defense counsel's response does not even address this issue.

As for the threats contained in defense counsel's February 23, 2006 correspondence (i.e. Rule 11 sanctions, unfair & deceptive business practices based upon counsel's action), they are baseless and unwarranted.

The plaintiff has requested and the Umpire has agreed to attend the March 7, 2006 Status Conference.

                    Respectfully submitted,

                    <u>"/s/Kenneth M. Chiarello"</u>
                    Kenneth M. Chiarello
                    BBO NO: 639274
                    CLINTON & MUZYKA, P.C.
                    One Washington Mall
                    Suite 1400
                    Boston, MA  02108
                    (617) 723-9165

Dated:  March 1, 2006