# Mason & Duffy, P.C.

ATTORNEYS AT LAW

**RECEIVED**

FEB 27 2006

CLINTON & MUZYKA, P.C.

VIA FACSIMILE AND U.S. MAIL
To Fax No. (617) 720-3489

February 23, 2006

Kenneth M. Chiarello, Esquire
Clinton & Muzyka, P.C.
One Washington Mall
Suite 1400
Boston, MA 02108

RE:   Blue Water Enterprises, Inc.
      v. One Beacon America Insurance Company
      Plymouth Superior Court C.A. No. PLCV2004-00187-B

Dear Attorney Chiarello:

We are in receipt of your correspondence dated February 20, 2006. Your correspondence indicates that the Umpire will exercise his authority under the insurance policy and unilaterally select and engage a shipyard for the sole and limited purpose of preparing and submitting a repair estimate. You then request that we correspond with you if we have any objection, and we do. It has been our position from the very start as noted in our opposition to the appointment of the Umpire in the first place, that these were further dilatory tactics on behalf of your client OneBeacon. We have spent in excess of one year in attempting to resolve this issue through the appointment you obtained of this Umpire, and the matter has moved no further along. You further make reference in your correspondence that none of the shipyards previously selected are willing to provide a repair estimate because among other things they have concerns regarding my client. This representation is also made in your Status Report filed with the Court. None of the selected shipyards has so much as contacted my client in order to make an appointment to come out and view the vessel. Clearly there cannot be concerns with an individual with whom they have not even spoken with regard to the Umpire's report and the request from the Umpire to submit bids based upon his specifications and report.

First, I direct your attention to Federal Rules of Civil Procedure, Rule No. 11, which by signing a pleading subjects an attorney to appropriate disciplinary action if a willful violation of the rule is found to exist. Your scandalous representation to the Court regarding

---

72 Sharp Street, Unit A9 ■ Hingham, MA 02043-4362
(781) 337-0066 ■ FAX (781) 337-2266 ■ www.masonduffy.com
Michael P. Mason, Public Administrator

Kenneth M. Chiarello, Esquire
February 23, 2006
Page Two of Two Pages

the conduct of my client in this action violates the Rule, and by this letter I am requesting that you voluntarily strike and resubmit your pleading indicating to the Court your error.

Second, it is our position that your actions as counsel and representative of OneBeacon further violate Chapter 93A and Chapter 176D, and we intend to call you as a witness in that action in Plymouth Superior Court once the stay is released. We specifically allege that inter alia your violation of 176D includes Sections 3, 5 and 9.

As you allege that the Umpire is exercising authority under the controlling insurance policy to unilaterally select and engage a shipyard, my client will not be contributing any costs associated therewith.

Finally, you allege that under the controlling insurance policy you have instructed the Umpire to exercise unilateral authority to engage a shipyard for submitting a repair estimate. I see no such authority in your insurance contract or in the Order appointing the Umpire from the District Court. Please provide this office with the section of your insurance policy you claim grants Umpire such authority.

            Very truly yours,
            MASON & DUFFY, P.C.

            Michael P. Mason

MPM/mmm

cc: Joseph R. Galgana
  James T. Simonitsch