UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ONEBEACON AMERICA INSURANCE COMPANY,** <br>    **Plaintiff,** | **CIVIL ACTION** <br> **NO: 04-11753-JLT** |
| vs. | |
| **BLUE WATER ENTERPRISES, INC.** <br>    **Defendant.** | |

### PLAINTIFF'S MOTION FOR AN ORDER REQUIRING THE PARTIES TO EQUALLY SHARE ANY AND ALL COSTS INCURRED BY THE UMPIRE IN CONNECTION WITH HIS COURT-APPOINTED SERVICES

Now comes the plaintiff, OneBeacon America Insurance Company, in the above-entitled action, by and through its undersigned attorneys, Clinton & Muzyka, P.C., and respectfully moves this Honorable Court of an Order requring the parties to equally share any and all costs incurred by the Umpire in connection with his court-appointed services.

As grounds in support of this Motion, the plaintiff submits the following for the Court's consideration.

BACKGROUND

On or about August 22, 2002, the defendant's vessel (F/V PRIM LADY) was involved in a collision and sustained hull damage.  At the time, the plaintiff insured the defendant's vessel under Hull and Protection & Indemnity Policies.  Following the collision, the plaintiff

appointed David Wiggin, a certified Marine Surveyor, to inspect the defendant's vessel for the purpose of determining the nature and extent of the damage sustained. Based upon his survey, Mr. Wiggin determined that the vessel sustained approximately $25,000.00 in damages, but recommended that preliminary repairs be performed in order to determine the presence of any undisclosed damages.

Despite Mr. Wiggins' recommendation, the defendant refused to have the preliminary repairs performed and instead maintained that its vessel was a constructive total loss.  It should be noted that the insured value of the F/V PRIM LADY is $122,000.00.  Because of the defendant's repeated refusals to comply with Mr. Wiggins' reasonable recommendation and the fact that the parties could not agree on the nature and extent of damage, it was necessary for the plaintiff to commence this action under the terms of the controlling Hull policy.  The relevant portion of the Hull policy allows either party to:

> "apply to the United States District Court for the district in which the home port of the vessel named herein is located for the appointment of an umpire, pursuant to the United States Arbitration Act."

At the parties' request, James Simonitsch was appointed as the Umpire by this Honorable Court.  On or about November 30, 2004, the parties received an invoice

from the Umpire for services rendered from November 20, 2004 through November 28, 2004 ($1,864.73).  On or about April 18, 2005, the parties received another invoice from the Umpire for services rendered from March 1, 2005 through April 16, 2005 ($1,988.16).  It should be noted that these costs were incurred because it was necessary for the Umpire to inspect the plaintiff's vessel a second time, as the defendant's surveyor failed to attend his initial inspection of the vessel.

Nevertheless, shortly thereafter the plaintiff agreed to satisfy the Umpire's outstanding invoices on the condition that any settlement, award, or judgment entered against the plaintiff in this first-party action is reduced by fifty percent (50%) of the Umpire's fees incurred by the defendant to date and satisfied by the plaintiff.  The parties filed a Stipulation memorializing their agreement on May 23, 2005, which was approved by the Court on May 31, 2005.  There is no dispute that the Hull policy is silent concerning the party responsible for bearing the costs and expenses of the Umpire.

The parties have received two (2) additional invoices from the Umpire, both of which remain outstanding at the present time.  The first invoice in the amount of $948.90 is for services rendered from August 16, 2005 through

October 12, 2005.  The second invoice in the amount of $1,465.65 is for services rendered from February 20, 2006 through March 13, 2006.  The defendant has refused to satisfy any portion of these invoices, thereby necessitating the filing of this Motion.  The plaintiff remains willing to share the costs incurred by the Umpire in connection with its court-appointed services.

ARGUMENT

As required by the controlling Hull policy, the Court appointed the Umpire pursuant to Section 5 of the United States Arbitration Act.  9 U.S.C.A. §5.  "Generally, all parties to an agreement for arbitration are equally liable for the payment of the arbitrators' fees."  *4 Am.Jur.2d Alternative Dispute Resolution §175* citing *Theofano Maritime Co. v. 9.551.19 Long Tons, Etc.*, 122 F.Supp. 853 (Mary. 1954); *Linebeck Construction Corp. v. Carpenters District Counsel*, 1972 WL 778 (S.D.Tex.); *Forethough Systems, Inc. v. Braintec Corp.*, 1990 WL 114640 (N.D.Ill).[1]

---

[1] This is consistent with the parties' previous agreement, the Commercial Arbitration Rules of the American Arbitration Association, and the "American Rule"  See, R-50 ("The expenses of witnesses for either side shall be paid by the party producing such witness.  All other expenses of the arbitration, including required travel and other expenses of the arbitrator, AAA representatives, and any witness and the cost of any proof produced as a direct request of the arbitrator, *shall be borne equally by the parties*, unless they agree otherwise or unless the arbitrator in the award assesses such expenses or any part thereof against any specified party or parties."  (emphasis); *Gay Officers Action League v. Puerto Rico*, 247 F.3d 288 (1st Cir. 2001)

Although there is significant evidence to support a finding that the defendant, because of its pre-litigation position and the fact that it has delayed the resolution of this matter, should be responsible for all of the Umpire's costs, the plaintiff is simply seeking an Order requiring that the Umpire's expenses be shared equally by the parties.  Although reasonable and consistent the general principles of arbitration and litigation, the defendant has refused to equally share the Umpire's expenses.  The defendant's refusal in this regard is unjustified.

**WHEREFORE**, the plaintiff, OneBeacon America Insurance Company, prays that this Honorable Court issue an Order requiring the parties to equally share any and all costs incurred by the Umpire in connection with his court-appointed services.  The plaintiff has attached hereto a copy of a proposed Order.

---

("Under the so-called 'American Rule,' litigants generally pay their own way").

6

By its attorneys,

**CLINTON & MUZYKA, P.C.**


"/s/Kenneth M. Chiarello"
Thomas J. Muzyka
BBO No: 365540
Kenneth M. Chiarello
BBO No: 639274
One Washington Mall
Suite 1400
Boston, MA  02108
(617) 723-9165

Dated:  March 27, 2006

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ONEBEACON AMERICA INSURANCE COMPANY,**<br>    **Plaintiff,** | **CIVIL ACTION**<br>**NO: 04-11753-JLT** |
| **vs.** | |
| **BLUE WATER ENTERPRISES, INC.**<br>    **Defendant.** | |

## ORDER

    This matter was before the Court on April 12, 2006 on Plaintiff's Motion for an Order Requiring the Parties to Equally Share Any and All Costs Incurred by the Umpire in Connection with his Court-Appointed Services.  After hearing thereon, it is hereby Ordered that the parties shall equally share any and all costs incurred by the Umpire in connection with his court-appointed services.  It is further Ordered that the parties are to satisfy and the Umpire's outstanding and future invoices within a reasonable time upon receipt.

    So Ordered:

_____
Honorable Joseph L. Tauro
Dated: April  \_\_, 2006