UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NUMBER: 04 11753 JLT

ONE BEACON AMERICA )
INSURANCE COMPANY, )
              Plaintiff, )
               )
v. )
               )
BLUE WATER ENTERPRISES, INC., )
              Defendant. )

### DEFENDANT'S ATTORNEY'S STATEMENT
### AS TO WHY COUNSEL SHOULD NOT BE SANCTIONED
### PURSUANT TO THE COURT'S ORDER DATED MARCH 30, 2006

The following is the statement of Timothy F. Duffy, Counsel for the Defendant, Blue Water Enterprises, Inc. First and foremost, I would like to apologize to this Honorable Court, Counsel for One Beacon America Insurance Company and the Umpire appointed in this matter for failure of Defendant's Counsel to appear at the scheduled March 30, 2006 Hearing. Michael P. Mason of Mason & Duffy, P. C., also Counsel for the Defendant in the above-entitled matter, is currently on vacation, and has been on vacation since this office received notice of the Hearing to be held on March 30, 2006.

Counsel further states that on Monday, March 27, 2006, the firm of Mason & Duffy received a copy of the docket in the above-referenced case. Said copy of the docket indicated a Hearing for Contempt was set for March 30, 2006 before Judge Tauro. No other supporting documents were received with the copy of the docket aforementioned indicating the purpose of the Hearing. Copy of the docket is attached as Exhibit 1 hereto. I immediately contacted the Court to determine the nature of the

Contempt Hearing and left a message with the Clerk's office. I also forwarded a letter to the Clerk's office via Federal Express, which was delivered on March 28, 2006 inquiring about the Notice of Hearing set for March 30, 2006. On Tuesday, March 28, 2006, this office received two pieces of mail directly from the Court, one addressed to Attorney Mason, and one addressed to me, which contained the same docket text as the docket report received on Monday, March 27, 2006. On March 28, 2006, at 4:30 p.m., I received a voicemail from someone at the District Court identifying herself as Kim, from the Federal Court in Boston, indicating she had received my letter of March 27, 2006 indicating that I had not received electronic filings because I personally do not have an Appearance in this case. No further information was provided with regard to the purpose of the Hearing scheduled for March 30, 2006. The next docketed matter we had in our system was for a Status Conference to be held on April 12, 2006 with regard to an estimate being obtained by the Umpire. At the time of the Notice of Contempt Hearing was received by Mason & Duffy, P. C., Defendant's Counsel was aware of two matters to be addressed by the Defendant or Defendant's Counsel. One was to provide a copy of a Settlement Agreement reached between the Defendant and the Third Party who collided with his vessel, the Prim Lady, to counsel for the Plaintiff, Kenneth Chiarello, Esquire. Second, the Umpire had solicited the services of Kevin McLaughlin of Fairhaven Shipyard in order to provide an estimate to the Umpire after inspection of the vessel the Prim Lady and the Defendant was to make the vessel available to Mr. McLaughlin.

  As of receipt of the Notice from this Honorable Court with regard to the Hearing set for March 30, 2006, the Defendant and/or counsel for the Defendant had completed both of the requirements of this Court.

In preparing this Statement, I reviewed the docket of this case through PACER and noted that an additional Motion has also been filed by Plaintiff's Counsel with regard to fees owed to the Umpire. As of this date, no such Motion has been served on Defendant's Counsel. Defendant's opposition to this Motion will be filed under separate cover. Nothing in the PACER Docket indicates the purpose of the March 30, 2006 Hearing.

A Status Conference was conducted on March 7, 2006 in this matter. At this Status Conference the Umpire indicated in open Court that he had obtained a shipyard interested in providing an estimate, as opposed to a bid, to the Umpire of the damages done pursuant to the specifications drawn up by the Umpire. This communication by the Umpire was the first instance that Defendant's Counsel was aware a shipyard would be interested in providing an estimate and that the Umpire had continued to work to obtain such estimate. On January 10, 2006, Defendant's Counsel received a fax from the Umpire indicating the last shipyard had dropped out of the bidding process and that the Umpire had no further recommendations. See Exhibit 2 attached hereto. The Court ordered that the Umpire provide his specifications to the shipyard in question and set time frames for a report to be filed back with the Court, and continued the Status Conference to April 12, 2006.

Outside the courtroom after the Hearing, I had a conversation with the Umpire. The Umpire indicated to me he was traveling to Fairhaven, Massachusetts to visit the Fairhaven Shipyard and Marina and make his report and specifications available to a Kevin McLaughlin in order for Mr. McLaughlin to complete his estimate. It was arranged between the Umpire and myself that Mr. McLaughlin would contact me in

3

order to schedule his inspection of the vessel, and I would coordinate the same with my client, the owner of the Prim Lady. The Umpire indicated to me I should be hearing from Mr. McLaughlin directly. The next communication on this issue was a letter dated March 14, 2006 from the Umpire indicating actions taken to get Mr. McLaughlin to complete his estimate. See letter attached hereto as Exhibit 3. The first communication I received from Mr. McLaughlin was on Thursday, March 16, when he left me a voicemail message indicating he had tried to reach Mr. Galgana directly, and when he did not get him directly he then contacted me. I discovered on March 16, 2006 that Mr. Galgana was away, and upon obtaining this information I immediately returned Mr. McLaughlin's call on March 16, 2006. On March 20, 2006, I received a communication from the Umpire, which was copied to Attorney Chiarello; Counsel for the Plaintiff, and to this Honorable Court, a copy of said communication is attached hereto as Exhibit 4. On March 20, 2006, I immediately responded to Mr. Simonitsch with regard to the statements made in his March 17, 2006 letter. My response is attached hereto is Exhibit 5. My correspondence was submitted to the Umpire and Attorney Chiarello via fax and first class mail. On Tuesday, March 21, 2006, the Umpire had telephone conversations with Attorney Chiarello and I with regard to the scheduling issues. It was agreed that the estimate could be completed on time pursuant to this Honorable Court's Order provided Mr. McLaughlin was able to inspect the Prim Lady on March 27th or March 28th, 2006. See letter from James T. Simonitsch, Umpire, dated Tuesday, March 21, 2006 attached hereto as Exhibit 6. On Monday, March 27, 2006, the Umpire James T. Simonitsch provided a letter to Attorney Chiarello, myself and this Honorable Court

in which he indicates he spoke to Mr. McLaughlin and an appointment has been scheduled with Mr. Galgana for March 28, 2006 and that Mr. McLaughlin expects to complete his inspection on time for the Status Report to be filed timely with this Honorable Court. See letter attached as Exhibit 7. On Tuesday, March 28, 2006, the Umpire James T. Simonitsch again corresponded with Counsel for the Plaintiff, Attorney Chiarello and I indicating Mr. McLaughlin had completed his inspection. See letter attached hereto as Exhibit 8.

Based upon the foregoing communications and the communications from the Clerk's office, this office was unaware that the Contempt Hearing scheduled for March 30, 2006 was still proceeding.

As mentioned above, Attorney Mason was on vacation at the time of the March 30, 2006 Hearing, I had a conflict on that date which would not allow me to appear in Boston on March 30. I assure this Honorable Court had I been aware that the Contempt Hearing was still to proceed I would have made arrangements to reschedule the other matter or would have contacted this Honorable Court with a request for a different date and time. At no time would I or this office ignore an Order or fail to appear at a scheduled Hearing without prior notification to the Court of such a conflict. I again apologize to this Honorable Court, to Attorney Chiarello, Counsel for the Plaintiff, and to the Umpire James Simonitsch for any inconvenience and emphatically state that no disrespect was intended to any of the above by the failure of Counsel for the Defendant to appear on March 30, 2006. Wherefore, Counsel for the Defendant respectfully requests that this Honorable Court find that Defendant's Counsel should not be sanctioned for failure to appear.

                                      Respectfully submitted,
                                      Blue Water Enterprises, Inc.,
                                      By its Attorneys,

                                      _____
                                      Timothy F. Duffy, BBO#549742
                                      Michael P. Mason, BBO#543987
                                      MASON & DUFFY, P.C.
                                      72 Sharp Street
                                      Hingham, MA  02043
                                      (781) 337-0066

Dated: April 6, 2006